### Bybee v. Slaven et al.

March 9, 1943.

B. J. Bethurum for appellant.

H. C. Gillis, E. L. Stephens and John M. Perkins for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

J. E. Bybee brought this action in the McCreary circuit court against E. Slaven, J. J. New, and the

Stearns Coal & Lumber Company to recover the sum of $385, the value of certain trees which he alleged the defendants cut down and carried away from his land.

E. Slaven sold to J. J. New the standing trees on a tract of land claimed by him, and after the trees were cut and moved from the land New sold the timber to the Stearns Coal & Lumber Company. The real controversy is between Bybee and Slaven, and involves the location of the line forming the boundary between their lands. Three similar actions against the same defendants by other adjoining land owners were brought, and by agreement the four actions were consolidated and transferred to the equity docket. Upon final submission judgments against E. Slaven and J. J. New were rendered in favor of the plaintiffs in two of the consolidated actions, but in the Bybee case judgment was rendered in favor of the defendants and Bybee's petition was dismissed. He has appealed.

J. E. Bybee claims to be the owner of a 50-acre tract of land patented by Aaron Barrier in 1846 and a tract containing 87½ acres patented by James H. Gregory in 1889. E. Slaven owns a 200-acre tract of land patented by Richard Barrier in 1856. The patent was based on a survey made March 24, 1855. Slaven owns other land adjoining this tract. The Richard Barrier patent admittedly overlaps the older Aaron Barrier patent to the extent of 8 or 9 acres. The appellee E. Slaven concedes that he, being the owner of the junior patent, is without title to the overlap, but it is his contention that none of the timber was cut on the overlap and that none was cut beyond the south line of the Aaron Barrier patent. The James H. Gregory patent overlaps the Richard Barrier patent to some extent. It is appellant's contention that the timber was cut from the Aaron Barrier patent and from the Gregory patent outside of any overlap. The proof as to the location of the lines of the respective patents is voluminous and conflicting. The land now owned by appellant was owned by his grandfather, James G. Corder, who died in 1907. Appellant acquired title by inheritance from his mother, Louella Corder Bybee, daughter of James G. Corder, and by purchase from her other heirs. On November 29, 1890, James H. Gregory, for a consideration of $150, conveyed the 87½-acre tract patented by him in 1889 to James G. Corder. On February 9, 1903, James G. Corder signed and ac-

knowledged an instrument of writing in which he acknowledged receipt of $101.04 in full settlement of his claim against Gregory for breach of warranty. The writing recited that after the deed of November 29, 1890, was executed it was discovered that a portion of the land described in the deed was covered by an older survey made in the name of Richard Barrier March 24, 1855, and that to the extent of the interference Gregory was without title. This overlap contained 32 1/3 acres, and was described by metes and bounds. The proof tends to show that none of the timber in question was cut from the Gregory patent outside of this overlap.

Before the death of James G. Corder the appellee cut and sold timber from the land in dispute without objection from Corder. One or more of Corder's sons assisted in the work. George Vaughn, a son of Louella Corder Bybee and a half-brother of appellant, testified that during his mother's lifetime appellee cut timber on the land now in dispute and claimed by appellant. A dispute over the boundary line arose and litigation between Mrs. Bybee and appellee resulted. In that litigation Mrs. Bybee lost.

The testimony of the surveyors and other witnesses is conflicting in some respects, but the great weight of the evidence supports the chancellor's finding that appellant is not the owner of the land from which the trees were cut.

The judgment is affirmed.